UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

BRIAN DAVID BRUMBACH,

       Petitioner,                           Criminal Case Number 09-00227
                                         Civil Case Number 16-00776
v.                                                   Honorable David M. Lawson

UNITED STATES OF AMERICA,

       Respondent.
_____/

## ORDER GRANTING MOTION TO VACATE SENTENCE AND DIRECTING PROBATION DEPARTMENT TO PREPARE NEW PRESENTENCE REPORT

On April 22, 2016, the petitioner filed a motion asking the Court to vacate his sentence under 28 U.S.C. § 2255 and order that he be resentenced. The Court has reviewed the record of the proceedings and the submissions of the parties and now finds — as the government recently has conceded — that the petitioner has established that he is in custody under a constitutionally defective judgment of sentence. The motion therefore will be granted.

Following a guilty plea, Brumbach was convicted in 2012 of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). Pursuant to his Federal Rule of Civil Procedure 11(c)(1)(C) plea agreement, the parties stipulated that Brumbach was subject to an enhanced sentence under the Armed Career Criminal Act ("ACCA") as the result of three previous convictions for aggravated burglary in Tennessee. The parties also agreed to a term of imprisonment of 180 months. The Court thereafter accepted the plea agreement, and, on January 13, 2012, sentenced the petitioner to 180 months in prison. He did not appeal. In 2013, Brumbach filed a 28 U.S.C. § 2255 motion to vacate, asserting that he had been denied his Sixth Amendment right to appeal. He later moved voluntarily to dismiss the motion, and that request was granted.

In his present motion, Brumbach argued that he is entitled to relief under *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the Supreme Court held that the residual clause of the Armed Career Criminal Act (ACCA) was unconstitutionally vague, and the Sixth Circuit's decision in *United States v. Stitt*, 860 F.3d 854 (6th Cir. 2017), which held that a conviction for aggravated burglary in Tennessee does not qualify as a violent felony predicate offense under the ACCA. The motion initially was transferred to the Sixth Circuit to allow the court of appeals to consider whether to grant leave for the petitioner to file a second or successive petition. However, on October 25, 2017 the court of appeals found that authorization for a successive petition was not required and remanded the case to this Court to address the motion on the merits.

A federal prisoner challenging his sentence under section 2255 must show that the sentence "was imposed in violation of the Constitution or laws of the United States," the sentencing court lacked jurisdiction, the sentence exceeds the maximum penalty allowed by law, or the conviction "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "A prisoner seeking relief under 28 U.S.C. § 2255 must allege either: '(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid.'" *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003)).

In assessing the defendant's status under the ACCA, the Court considered three of the defendant's prior convictions for aggravated burglary and found that they qualified as violent felonies under the ACCA. The government conceded in its recent supplementary response that none of the petitioner's 11 prior convictions for that crime would qualify him for a sentence enhancement under the ACCA, and that under the controlling precedent established by *Stitt* he is entitled to

resentencing. *United States v. Stitt*, 860 F.3d 854, 857 (6th Cir. 2017) ("Because we conclude that Tennessee's aggravated-burglary statute is broader than the definition of generic burglary, we hold that a conviction under the statute does not qualify as an ACCA predicate offense."); *see also Reese v. United States*, No. 16-5669, 2018 WL 1433857, at *2 (6th Cir. Mar. 22, 2018) ("Under *Stitt*, Reese's convictions for Tennessee aggravated burglary cannot serve as ACCA predicates."). The record suggests that if the petitioner's prior convictions are excluded from the assessment, he would not be eligible for any penalty enhancement under the ACCA.

The government recognized in a supplemental response that "Brumbach's § 2255 claim has evolved to his current contention that he no longer has three prior convictions which qualify him as an armed career criminal because all eleven of his qualifying convictions, for aggravated burglary under Tennessee law, were disqualified by *Stitt*," and it conceded that "[a]s the Sixth Circuit case law presently stands, his position is correct and he would be entitled to a sentence reduction." However, the government asked that the Court hold the petition in abeyance pending the Supreme Court's ruling on a petition for a writ of *certiorari* in *Stitt*. The Court does not find that delaying relief on the present motion is appropriate under the circumstances. Although the petition for *certiorari* was granted and the appeal has been set for oral argument, the case has not yet been argued and a decision does not appear to be imminent. The petitioner is entitled to the relief that he seeks under controlling circuit law, and, as he recently pointed out to the Court, his presently accrued time served is nearing the applicable statutory maximum for the offense of conviction absent the ACCA enhancement. The Court therefore declines the government's invitation to hold the petition in abeyance to await further development of the law. *See Conway v. Portfolio Recovery Associates, LLC*, No. 13-07, 2015 WL 13657189, at *2 (E.D. Ky. July 23, 2015) ("[U]nless and until

the Supreme Court actually rules in a way that would overturn such precedent, the precedents cited by this Court continue to be the law in the Sixth Circuit. Thus, Conway has not established that there has been any change in the controlling law or that the grant of *certiorari* constituted an intervening change in the law.") (citing *O'Brien v. Donnelly Enterprises, Inc.*, 575 F.3d 567 (6th Cir. 2009); *Brunet v. City of Columbus*, 1 F.3d 390 (6th Cir. 1993)).

Accordingly, the petitioner's motion to vacate sentence [1] is **GRANTED**.

It is further **ORDERED** that the defendant shall be resentenced, and the probation department is directed to prepare a new presentence report.

s/David M. Lawson<br>
DAVID M. LAWSON<br>
United States District Judge<br>
Sitting by special designation

Dated: April 4, 2018